**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **BRANDON MCNEIL, JESUS VELA,** | § | |
| *Plaintiffs* | § | **MO:25-CV-00301-DC** |
| | § | |
| **v.** | § | |
| | § | |
| **ARCH INSURANCE COMPANY,** | § | |
| *Defendant* | § | |

## **ORDER**

BEFORE THE COURT is the report and recommendation ("R&R") from United States Magistrate Judge Ronald C. Griffin concerning Plaintiffs' Motion for Leave to File Amended Complaint.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his report and recommendation on December 1, 2025.[2] Defendant filed objections on December 15, 2025.[3]

## **LEGAL STANDARD**

### I.      Standard of Review for a Magistrate Judge's R&R

Title 28, United States Code, Section 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no

---

[1] Doc. 11.

[2] Doc. 13.

[3] Doc. 14.

objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[4]

### II.    Motion for Leave to Amend to Add a Non-Diverse Party

"A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)."[5] "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will."[6] Following a post-removal motion to join a non-diverse party, the Court has two options: deny joinder or permit joinder and remand the action to state court.[7]

Assessing whether to join a non-diverse defendant, the Court weighs the four *Hensgens* factors: (1) whether the primary purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff was dilatory in seeking amendment; (3) whether the plaintiff will be prejudiced if the motion is denied; and (4) any other equitable factors.[8]

### ANALYSIS

Plaintiffs request leave to amend their complaint to add a non-diverse party—Texas Mutual Insurance Company ("Texas Mutual")—as a defendant. The Magistrate Judge recommended that the Court grant the motion. Applying the *Hensgens* factors, the R&R found that the first and third factors weigh in favor of amendment, the second factor weighs against amendment, and the fourth factor does not apply. Defendant objects to the R&R's analysis concerning the first, third, and fourth factors. Because no objections address the

---

[4] Fed. R. Civ. P. 72 advisory committee's note.

[5] *Short v. Ford Motor Co.*, No. 93–8626, 1994 WL 171416, at *5 (5th Cir. 1994) (per curiam) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

[6] *Hensgens*, 833 F.2d at 1181.

[7] 28 U.S.C. § 1447(e).

[8] *Hensgens*, 833 F.2d at 1182.

second factor, the Court adopts the finding that Plaintiffs were dilatory in seeking amendment. However, the remaining three factors are addressed in turn.

### I.     *Hensgens* Factor 1: Primary Purpose of the Amendment

To determine the primary purpose of the amendment, the Court considers three subfactors: (1) whether the plaintiff knew or should have known the identity of the non-diverse defendant at the time the state court complaint was filed; (2) whether the plaintiff states a valid claim against the non-diverse defendant; and (3) the timing of the amendment. The R&R found that the primary purpose of amendment is not to defeat jurisdiction based on the validity of the claim against Texas Mutual and the timing of the motion. Defendant objects to the R&R's findings on subfactors two and three as well as to how all three subfactors were weighed. It is undisputed that Plaintiffs knew the identity of the non-diverse party when the state court complaint was filed.

Through amendment, Plaintiffs seek a declaratory judgment against Texas Mutual to determine its statutory subrogation interest. Finding that R&R identified the correct law, the Court is convinced that Plaintiffs assert a valid claim against Texas Mutual. Agreeing with the R&R and this Court's assessment of an analogous claim in *Scott v. Berkley Regional Insurance Company*,[9] Texas Mutual's statutory subrogation interest may be properly determined by a declaratory judgment. Texas Mutual's possible subrogation lien will directly impact the Parties' potential obligations.[10]

---

[9] No. 23-CV-00046, 2023 WL 4669681 (W.D. Tex. July 5, 2023), *R. & R. adopted*, 2023 WL 4672456 (W.D. Tex. July 20, 2023).

[10] *See id* at *4.

The final timing aspect of the first *Hensgens* factor directs the Court to assess whether the sequence of events in the case "gives rise to an inference regarding [Plaintiffs'] purpose in making the Motion."[11] Moving to file an amended complaint shortly after removal can be evidence that the primary purpose of the amendment is to defeat federal jurisdiction.[12] The Court agrees with the R&R that such a sequence of events does not exist here.

For the aforementioned reasons, the Court finds that the primary purpose was not to defeat federal jurisdiction. Defendant's objections are **OVERRULED**.

## II.    *Hensgens* **Factor 3: Prejudice to Plaintiffs**

Defendant further objects to the R&R's finding that the third *Hensgens* factor—whether the plaintiffs will be significantly injured if the amendment is not allowed—favors granting leave to amend. This factor considers whether the already-named diverse defendants would be unable to satisfy a future judgment, whether the plaintiff could recover against the proposed non-diverse defendant, and the possibility of a separate state court proceeding.[13] It is undisputed that there is no evidence to suggest Defendant Arch would be unable to satisfy a future judgment. Agreeing with the reasoning in the R&R and *McNeel v. Kemper Cas. Ins. Co.*, however, the Court cannot overlook the fact that Plaintiffs likely have a valid claim in which they could recover from Texas Mutual.[14] The Court already found that

---

[11] *WNWSR, LLC v. Chesapeake Energy Corp.*, No. CV 15-1860, 2015 WL 7357840, at *3 n.4 (S.D. Tex. Nov. 19, 2015).

[12] *Gallegos v. Safeco Ins.*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (finding that a motion for leave to amend less than a month after removal provided "evidence that the amendment was to defeat federal jurisdiction.").

[13] *See id.*

[14] *See McNeel v. Kemper Cas. Ins. Co.*, No. CIV.A. 3:04-CV-0734-, 2004 WL 1635757 (N.D. Tex. July 21, 2004) (finding that the viable claim under the Texas Insurance Code against the

Texas Mutual's statutory subrogation interest and any possible subrogation lien directly impact the Parties' obligations. The merits of that claim are best determined by the state court in conjunction with their related claims. The Court finds that the Plaintiffs will be prejudiced if the amendment is denied. Defendant's objections are **OVERRULED**.

### III.    *Hensgens* Factor 4: Equitable Factors

Finally, Defendant asserts two objections to the finding that no other equitable factors bear on the motion for leave to amend. First, Arch argues that the R&R "unfairly stacks error upon error" in weighing the *Hensgens* factors.[15] Second, it argues the R&R fails to consider Arch's interest in retaining a federal forum. Arriving at the same conclusion on the motion as the R&R, the Court finds no merit in these objections. Accordingly, they are **OVERRULED**.

### CONCLUSION

The Court **ORDERS** the report and recommendation of the United States Magistrate Judge is **ADOPTED**.[16] Plaintiffs' Motion for Leave to File an Amended Complaint is **GRANTED**.[17] Pursuant to 28 U.S.C. § 1447(e), the joinder of a non-diverse

---

non-diverse defendant would be most appropriately determined by the state court with her other claims, despite plaintiff's ability to fully recover from the parties already in the case).

[15] Doc. 14.

[16] Doc. 13.

[17] Doc. 11.

party requires the Court to remand the case. The case is therefore **REMANDED** to the 358th Judicial District Court, Ector County, Texas.

It is so **ORDERED**.

SIGNED this 27th day of March, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

6